UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KRISTY FORBES, on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § | |
| | § | CIVIL ACTION NO. 1:21-cv-851 |
| Plaintiff, | § § | |
| V. | § § | |
| SAN GABRIEL RECOVERY RANCH, LLC, | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

1.  Defendant San Gabriel Recovery Ranch, LLC ("Defendant") required Plaintiff Kristy Forbes ("Plaintiff") to work more than forty hours in a workweek without overtime pay. Unfortunately, Defendant misclassified Plaintiff as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and denied her overtime pay at the rate of time and one half her regular rate of pay when she worked more than 40 hours in a workweek. In addition to the Plaintiff, Defendants have misclassified hundreds of other workers as exempt from overtime.

2.  Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District. In particular, Defendants maintain their headquarters in this District and the decision to pay the Plaintiff and the Class Members in the illegal manner described in this Complaint was made in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Kristy Forbes is an individual residing in Georgetown, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The "Class Members" are all current and former recovery care technicians employed by Defendant at any time during the three-year period before the filing of this Complaint.

7. Defendant San Gabriel Recovery Ranch, LLC is a domestic limited liability company. Said Defendant may be served process through its registered agent Justin L Harvey at 1443 CR 103 Georgetown, TX 78626.

8. This Court has personal jurisdiction over Defendant because Defendant is a Texas company formed in Texas.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTUAL ALLEGATIONS

14. Defendant operates a chain of mental health facilities known as "The Arbor." As its website states: "The Arbor is a privately held and owner operated company based in Austin, Texas." (https://thearbor.com/about-us/, last visited 9/24/2021). It further states: "The Arbor Behavioral Healthcare offers residential treatment, extended care, intensive outpatient, supportive outpatient, sober living, aftercare, alumni, family programs and advocacy." (*Id*.) Defendant has several facilities in Texas, including in Austin and Georgetown.

15. To provide its services, Defendant employs "recovery care technicians." Recovery care technicians provide care and tend to the needs of the patients by bringing them food, escorting the patients around the facilities, transporting them to therapy sessions, and other tasks. Defendant maintains an active staff of recovery care technicians at each facility who work shifts that last up to 24 hours.

16. Plaintiff was employed by Defendant as a recovery care technician. She worked for Defendant from October 2018 to September 2021. At first, she was paid an hourly rate of $17.50 per hour for a day shift and $18.00 per hour for a night shift. Plaintiff's normal schedule

was 7 am to 5pm, five days a week. Even though she worked more than 40 hours a week, she was not paid any overtime wages.

17. Beginning in July 2019, Plaintiff was converted from an hourly paid employee to a salaried employee. Her salary was $700 per week. Again, she was not paid any overtime wages when she worked more than 40 hours in a week.

18. Plaintiff is not exempt from overtime pay. She does not hold a nursing license. Instead, she is a certified nursing assistant.

19. Plaintiff and the Class Members were not exempt under the FLSA.

20. The primary duty of Plaintiff and the Class Members was not to supervise other employees or manage a customarily recognized department of Defendant's company.

21. Plaintiff and the Class Members had no authority to hire or fire other employees.

22. Plaintiff and the Class Members had no authority or input regarding promoting or demoting other employees.

23. Plaintiff and the Class Members had no authority to set or adjust the rates of pay of other employees.

24. Plaintiff and the Class Members were required to follow the directions of the employees giving them assignments.

25. Plaintiff and the Class Members were not office or "white collar" employees. They performed manual labor work related to Defendants' core business—i.e. tending to the needs of patients—not the management of Defendant's operations.

26. The primary duty of Plaintiff and the Class Members did not require independent judgment and discretion with respect to matters of significance. Plaintiff and the Class Members

served food, cleaned rooms, picked up trash, escorted patients to appointments, and other basic tasks.

27. The primary duty of Plaintiff and the Class Members was related directly to the service that Defendants offered, not the management of the company's operations.

28. Despite these facts, Defendant classified the Plaintiff and the Class Members as exempt from overtime pay.

29. Defendant knew or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In particular, Defendant operates a large company that knew about the requirement to pay overtime wages. The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## VIOLATION OF 29 U.S.C. § 207

30. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

31. Defendant's practice of failing to pay Plaintiff and the Class Members time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

32. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendants or Plaintiff/Class Members.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

34. As part of their regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

35. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

36. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendants. Plaintiff personally worked with other employees who were also classified as exempt from overtime.

37. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

38. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

39. The Class Members perform or have performed the same or similar work as Plaintiff and were not paid overtime by Defendants.

40. The Class Members are not exempt from receiving overtime pay under the FLSA.

41. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

42. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

43. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the Class Members.

44. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

45. All Class Members, irrespective of their particular job requirements or job title are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

46. Although the exact amount of damages may vary among the Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLA Class Members.

47. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> **All current and former recovery care technicians employed by Defendant for at least one week at any time during the three-year period before the filing of this Complaint.**

## JURY DEMAND

48. The Plaintiff and all Class Members hereby demand trial by jury on all issues.

## PRAYER

49. For these reasons, Plaintiff and all Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members to permit them join this action by filing a written notice of consent;

   b. A judgment against Defendants awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses as allowed under the FLSA;

   d. Pre- and post-judgment interest at the highest applicable rates; and

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
 Don J. Foty
 dfoty@hftrialfirm.com
 Texas State Bar No. 24050022
 4409 Montrose Blvd, Ste. 200
 Houston, TX 77006
 Telephone: (713) 523-0001
 Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS