UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KRISTY FORBES, on behalf of herself and on behalf of all others similarly situated,**<br>*Plaintiff*<br><br>v.<br><br>**SAN GABRIEL RECOVERY RANCH,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§   Case No. 1:21-cv-00851-LY-SH<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court are Plaintiff's Motion to Compel Discovery, filed August 17, 2022 (Dkt. 16); Defendant San Gabriel Recovery Ranch, LLC and Non-Parties Karen Chavez and Paula Harrell's Motion to Quash and Objections to Plaintiff's Subpoena to Verizon Wireless, filed August 22, 2022 (Dkt. 17); Plaintiff's Motion for Extension of Time Pursuant to Rules 33, 34, and 36, filed September 19, 2022 (Dkt. 26); and the associated response and reply briefs.[1]

The Court held a hearing on the motions on October 12, 2022, and issues the following Order confirming the rulings made for the reasons stated on the record during the hearing.

### I.   Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks

---

[1] On March 24, 2022, the District Court referred all pending and future discovery motions and related motions in this case to the undersigned Magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 13.

admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## II.   Plaintiff's Motion to Compel

Plaintiff moves to compel production of the identities and contact information for putative class members, and their payroll and timekeeping records. Plaintiff also asks the Court to overrule Defendant's "boilerplate" objections to Plaintiff's Requests for Production Nos. 1, 2, and 3, and Plaintiff's Interrogatory No. 3.

### A. List of Putative Class Members

The Court **GRANTS** Plaintiff's Motion to Compel as to Interrogatory No. 3, except as to dates of birth for all individuals who worked as recovery care technicians for Defendant during the relevant time period. The Court **DENIES** the Motion as to Request for Production No. 1.

### B. Payroll and Timekeeping Records of Putative Class Members

The Court **GRANTS** the Motion to Compel as to Requests for Production Nos. 2 and 3.

### C. Defendant's Objections

The Court **DENIES** Plaintiff's request to overrule Defendant's "boilerplate" objections to Plaintiff's Requests for Production Nos. 1, 2, and 3 and Plaintiff's Interrogatory No. 3, but **ORDERS** that Defendant must state in any amended or supplemental responses to Plaintiff's Requests for Production whether it is withholding any documents on the basis of its objections,

pursuant to Rule 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

**D. Conclusion as to Plaintiff's Motion to Compel**

Plaintiff's Motion to Compel Discovery (Dkt. 16) is **GRANTED IN PART and DENIED IN PART**, as specified above.

### III.   Defendant's Motion to Quash

Pursuant to the Court's Order issued September 21, 2022 (Dkt. 27), the parties timely filed a Joint Advisory to the Court on October 7, 2022, stating that they had reached a tentative agreement with respect to Defendant's Motion to Quash. Dkt. 29 at 1-3. After argument during the hearing, Plaintiff agreed to withdraw the Subpoena at issue without prejudice and reissue it within parameters agreed by the parties. In particular, the parties agree that the reissued subpoena will be limited to text messages, emails, and call logs for the five cell phones owned by Defendant, omitting all information sought for two of Defendant's individual employees.

Because Plaintiff is withdrawing the Subpoena at issue, Defendant San Gabriel Recovery Ranch, LLC and Non-Parties Karen Chavez and Paula Harrell's Motion to Quash and Objections to Plaintiff's Subpoena to Verizon Wireless (Dkt. 17) is **DISMISSED AS MOOT.**

### IV.   Plaintiff's Motion for Extension of Time

Finally, Plaintiff seeks an extension of time of one business day to serve its responses and objections to (1) Defendant' second set of interrogatories, and (2) Defendant's first set of written discovery to opt-in member Raven Bristol, comprising requests for production, interrogatories, and requests for admission. Plaintiff served its responses one day late "due to an internal calendar error, wherein a junior paralegal at Plaintiff's Counsel's law firm inadvertently forgot to calendar the response deadline." Dkt. 29 at 11.

The Court finds that Plaintiff has not met the excusable neglect standard of Rule 6(b)(1)(B). Nevertheless, given the very short time involved and the lack of prejudice to Defendant, the Court **GRANTS** Plaintiff's Motion for Extension of Time Pursuant to Rules 33, 34, and 36 (Dkt. 26).

## V.    Conclusion

As stated during the hearing, the parties are strongly encouraged to work cooperatively to resolve any future discovery disputes promptly, without the need for court intervention, which will greatly enhance the efficient prosecution of this case. *See* FED. R. CIV. P. 1 (stating that rules should be employed by the court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding").

Any relief not expressly granted herein is **DENIED**.

**SIGNED** on October 17, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE