**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **KRISTY FORBES, on behalf of herself and on behalf of all others similarly situated,** §§§§§<br>    *Plaintiff* §<br> §<br>    v. §     Case No. 1:21-cv-00851-LY-SH<br> §<br>**SAN GABRIEL RECOVERY RANCH,** §§§<br>    *Defendant* | |

**ORDER**

Now before the Court are Plaintiff's Motion for Sanctions Pursuant to Rule 37, filed December 2, 2022 (Dkt. 32); Defendant San Gabriel Recovery Ranch, LLC's Response in Opposition to Plaintiff's Motion for Sanctions, filed December 9, 2022 (Dkt. 34); and Plaintiff's Reply, filed December 14, 2022 (Dkt. 35).[1]

### I.  General Background

On September 24, 2021, Plaintiff Kristy Forbes, on behalf of herself and all other workers similarly situated, filed this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against her employer, San Gabriel Recovery Ranch, LLC ("Defendant"). Dkt. 1. Plaintiff alleges that Defendant denied her overtime pay at the rate of time and one half her regular rate of pay when she worked more than 40 hours in a workweek. In addition, Plaintiff alleges that Defendant has misclassified hundreds of other workers as exempt from overtime.

---

[1] On March 24, 2022, the District Court referred all pending and future discovery motions and related motions in this case to the undersigned Magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 13.

On August 17, 2022, Plaintiff filed a Motion to Compel Discovery, asking the Court to compel Defendant to produce the identities and contact information for putative class members and their payroll and timekeeping records. Dkt. 16 at 1. Plaintiff also asked the Court to overrule Defendant's "boilerplate" objections to Plaintiff's Requests for Production Nos. 1, 2, and 3, and Plaintiff's Interrogatory No. 3. *Id.* at 22. The Court held a hearing on the Motion to Compel and other discovery motions on October 12, 2022, and ruled that the Motion would be granted in part and denied in part. The Court memorialized its rulings in a written order issued October 17, 2022. Dkt. 31. The Court granted the Motion to Compel as to (1) "Interrogatory No. 3, except as to dates of birth for all individuals who worked as recovery care technicians for Defendant during the relevant time period," and (2) Requests for Production Nos. 2 and 3. *Id.* at 2. The Court denied the Motion to Compel as to Request for Production No. 1 and "Plaintiff's request to overrule Defendant's 'boilerplate' objections to Plaintiff's Requests for Production Nos. 1, 2, and 3 and Plaintiff's Interrogatory No. 3," but ordered that "Defendant must state in any amended or supplemental responses to Plaintiff's Requests for Production whether it is withholding any documents on the basis of its objections, pursuant to Rule 34(b)(2)(C)." *Id.* at 2-3. The Court did not order Defendant to produce the documents by a particular date.

On December 2, 2022, Plaintiff filed the instant Motion for Sanctions asking the Court to enter sanctions against Defendant under Federal Rule of Civil Procedure 37 for failing to comply with the Court's Order and produce the records as ordered. Dkt. 32. Plaintiff asserts that: "Over 50 days have passed since the Court first instructed Defendant to produce the records during the hearing, and over 45 days have passed since the Court entered the written order to that effect. Defendant has not produced the payroll and timekeeping records as of the date of this filing." *Id.* at 2. Plaintiff further alleges:

> Plaintiff's Counsel has requested that Defendant produce these documents numerous times, but to no avail. Defense Counsel even promised that such production would be made during the week of November 21st, 2022, but Defendant did not produce the documents as promised. Defendant has therefore failed to comply with the Court's discovery order in a timely fashion, which has unnecessarily delayed the case, delayed Plaintiff's discovery efforts, and has harmed the putative collective members.

*Id.* at 3. Plaintiff asks the Court to sanction Defendant by striking certain portions of its Answer and affirmative defenses, preventing Defendant from opposing Plaintiff's anticipated motion for issuance of collective action notice pursuant to 29 U.S.C. § 216(b), tolling the FLSA limitations period for the putative collective members, and directing Defendant to pay Plaintiff's attorneys' fees and costs associated with efforts to bring Defendant into compliance with its discovery obligations. *Id.* at 8-9.

In its Response to Plaintiff's Motion for Sanctions, Defendant argues that:

> Plaintiff's Motion is an improper attempt to create a pretext to obtain death-penalty like sanctions for collective action. ***San Gabriel has never refused to Comply with the Court's October 17, 2021 Order. Over a month ago, San Gabriel complied with the Order requiring it to compile and provide Plaintiff*** with the identities, physical address, phone number, and email address of the former and present recovery care technicians. This fact is missing from Plaintiff's Motion. Additionally, ***Prior to Plaintiff filing her Motion***, San Gabriel informed Plaintiff's counsel that he understood that the process of collecting and copying the document would be ***completed in two business days*** and would then be bates-labeled and produced. That in fact occurred and the documents have been produced. ***San Gabriel did not violate the Court's Order.***
> In addition to compiling the requested information concerning its former and present recovery care technicians, San Gabriel was working to collect and produce the timesheets, paystubs, and W-2 forms for the putative collective members. San Gabriel's counsel underestimated, both at the hearing and subsequently, the amount of effort and time it would take to collect and copy the documents. In response to counsel's inquiries, San Gabriel provided Plaintiff with updates as to the expected date of production. San Gabriel's counsel had anticipated the production of these documents during the week of November 21 – 25. While that did not happen, San Gabriel's counsel provided the two business day update prior to Plaintiff filing her Motion. ***Consistent with that update, San Gabriel produced 4,608 pages of timesheets, paystubs, and W-2 forms for almost one hundred employees over several years***

Dkt 34 at 1-2.

3

In its Reply, Plaintiff concedes that Defendant has produced the requested documents and, therefore, "withdraws the portion of her Motion asking the Court to strike Defendant's pleadings or preclude Defendant from opposing a motion to send Court-authorized notice pending review of the newly produced records to confirm Defendant is not withholding documents the Court ordered to be produced." Dkt. 35 at 4. However, Plaintiff continues to request that "the Court grant the portion of Plaintiff's Motion seeking equitable tolling and order that the FLSA claims of the putative collective members be equitably tolled from January 20, 2021 through December 9, 2022," and "order Defendant and Defense Counsel to pay Plaintiff's attorney's fees and costs associated with Plaintiff's efforts trying to get Defendant to comply with discovery." *Id.* at 5.

## II.     Analysis

Federal Rule of Civil Procedure 37(b)(2)(A) provides: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Such "orders" include striking pleadings, staying further proceedings until the order is obeyed, and imposing monetary sanctions. FED. R. CIV. P. 37(b)(2)(A), (C). Thus, "Rule 37(b)(2)(A) allows a district court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so." *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019).

Plaintiff has not shown that Defendant violated the Court's Order issued October 17, 2022. Defendant avers that it produced all of the documents at issue in the Court's Order a few days after Plaintiff filed the instant Motion. Plaintiff does not dispute this. Dkt. 35 at 3-4. While Plaintiff argues that Defendant's production of the documents was "dilatory" because Defendant told Plaintiff that the documents would be produced the week of November 21-25, 2022, the Court did not order Defendant to produce the requested documents by a particular date. Accordingly,

Plaintiff has not established a violation of the Court's October 17, 2022 Order, and sanctions are not appropriate under Rule 37(b)(2)(A).

Plaintiff's Motion for Sanctions Pursuant to Rule 37 (Dkt. 32) is **DENIED**.

**SIGNED** on December 19, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE