# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| KRISTY FORBES, on behalf of herself and on behalf of all others similarly situated,<br>*Plaintiff*<br><br>v.<br><br>SAN GABRIEL RECOVERY RANCH,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Case No. 1:21-cv-00851-DII-SH |

## ORDER

Now before the Court are Defendant's Opposed Motion to Preserve Confidential Designation of Certain Documents, filed February 28, 2023 (Dkt. 38); Defendant's Opposed Motion to File Under Seal Exhibits 1-6 for Its Motion to Preserve the Confidential Designation of Certain Documents, filed March 2, 2023 (Dkt. 39); Plaintiff's Response in opposition to Defendant's Motion to Preserve Confidential Designation of Certain Documents, filed March 2, 2022 (Dkt. 40); and Defendant's Reply in Support of their Motion to Preserve the Confidential Designation of Certain Documents, filed March 9, 2023 (Dkt. 41).[1]

### I. Background

Plaintiff Kristy Forbes, on behalf of herself and all others similarly situated, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against her former employer, San Gabriel Recovery Ranch, LLC ("Defendant"). Dkt. 1. Plaintiff alleges that Defendant denied her overtime pay at the rate of time-and-one-half her regular rate of pay when

---

[1] The District Court referred all pending and future discovery motions and related motions in this case to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 13.

she worked more than 40 hours in a workweek. Plaintiff also alleges that Defendant has misclassified hundreds of other workers as exempt from overtime.

On January 13, 2022, the parties filed their Joint Federal Rule of Civil Procedure 26(f) Discovery Report, in which they agreed to use the Western District of Texas's Model Confidentiality and Protective Order. Dkt. 8 at 7. Under the Protective Order, Defendant produced and designated certain documents as Confidential, including: (1) Plaintiff's own paystubs and paysheets; (2) paystubs of other past and present employees who are not plaintiffs in this lawsuit; (3) a Lead Recovery Care Technician- Employee Review; (4) a Lead Recovery Care Technician- Employee Review (Blank); (5) a Recovery Care Technician Training Manual; and (6) a Code of Conduct (collectively, "Designated Documents"). Plaintiff demanded that Defendant de-designate the Designated Documents. Defendant has agreed to withdraw the Confidential designation as to Plaintiff's own paystubs and timesheets, but seeks to preserve the Confidential designations of the other documents.[2] Plaintiff contends that the Designated Documents are not Confidential.

## II.    Analysis

The Protective Order states that "[d]ocuments provided in this litigation may be designated by the producing person or by any party as Confidential information by marking each page of the documents so designated with a stamp indicating that the information is 'Confidential.'" Protective Order ¶ 5. Information and documents that may be designated Confidential

> include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

---

[2] SGRR-000970-83; SGRR003224-399; SGRR-003453-696; SGRR-003729-5364, SGRR-000423-28; SGRR-000445-50; SGRR-000196-214; and SGRR-0000358-60.

*Id.* ¶ 3(a). A party shall designate as Confidential "only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential." *Id.* If a party disagrees with the Confidential designation of any information,

> the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential information.

*Id.* ¶ 11.

The Court finds that the Designated Documents contain information that falls within the Protective Order's definition of Confidential information. Defendant submits that the Employee Handbook and Recovery Care Technician Training Manual were developed "at great time and expense" by Defendant and contain operational information. Dkt. 38 at 2. The Court agrees that these are proprietary business manuals. The Court also agrees that the Lead Recovery Care Technician employee review forms developed by Defendant and the Code of Conduct, which Defendant contends is confidential and used to differentiate Defendant's business from its competitors, are proprietary and properly designated as Confidential documents.

Defendant avers that the paystubs of past and present employees who are not plaintiffs in this case are not generally available to the public and are not in the public domain. These documents also contain personal and confidential information, including Social Security numbers, home addresses, and banking information. Accordingly, should either party file any paystubs with the Court, the parties are **HEREBY ORDERED** to file the paystubs on the Court's public docket with all such private and confidential information redacted, pursuant to Paragraph 13 of the Protective Order. *See* Dkt. 40 at 8; Dkt. 41 at 4.

### III.  Conclusion

For these reasons, Defendant's Opposed Motion to Preserve Confidential Designation of Certain Documents (Dkt. 38) is **GRANTED** and the Designated Documents[3] shall remain designated "Confidential."

The Court further **GRANTS IN PART and DENIES IN PART** Defendant's Opposed Motion to File Under Seal Exhibits 1-6 (Dkt. 39). The Motion is **GRANTED** as to Exhibits 1-5, and the Court **ORDERS** the **CLERK** to file Exhibits 1-5 under seal. The Motion is **DENIED** as to Exhibit 6 pursuant to Plaintiff's request that Defendant withdraw the "Confidential" designation of Plaintiff's paystub, which is redacted and shall be filed on the Court's public docket.

**SIGNED** on May 15, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[3] SGRR-000970-000983; SGRR003224-003399; SGRR-003453-003696; SGRR-003729-005364, SGRR-000423-000428; SGRR-000445-000450; SGRR-000196-214; SGRR-0000358-000360.